IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE AT CHATTANOOGA

| | |
|---|---|
| In re: ) | |
| ) | Case No. 12-11705 |
| SIAG AERISYN, LLC ) | |
| AKA AERISYN, LLC ) | Chapter 11 |
| ) | |
| Debtor in Possession. ) | |
| ) | |
| ) | |
| SIAG AERISYN, LLC ) | Adversary Proceeding No. |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| SSAB ENTERPRISES, LLC ) | |
| d/b/a SSAB ALABAMA/ ) | |
| SSAB AMERICAS ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Comes SIAG Aerisyn, LLC, acting as Debtor in Possession ("SIAG") and alleges the following:

1. SIAG instituted this voluntary Chapter 11 proceeding on April 2, 2012, and has been operating its business as Debtor in Possession pursuant to 11 U.S.C. §1108.

2. As such, SIAG has the standing to commence this proceeding pursuant to 11 U.S.C. §1107.

3. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §1334 and venue is proper pursuant to 28 U.S.C. §1409.

4. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(F) and this Court has jurisdiction to enter the monetary judgment sought herein.

5. Within ninety (90) days before the filing of the petition, the Debtor, SIAG Aerisyn, LLC,

made transfers of its property consisting of payments to the Defendant, SSAB Enterprises, LLC, d/b/a SSAB Alabama/SSAB Americas, as set forth on the attached Schedule A.

6. The payments were made to the Defendant as a creditor for or on account of an antecedent debt owed by SIAG Aerisyn, LLC, before such transfer was made.

7. At the time of the transfer, SIAG Aerisyn, LLC, was insolvent.

8. The transfer enabled the Defendant to receive more than the Defendant would have received if the case were a case under Chapter 7 under Title 11 of the United States Code, the transfer had not been made, and the Defendant had received the payment of such debt to the extent provided by the provisions of this Title 11 of the United States Code.

9. As a result, the transfers set forth on Exhibit A are avoidable pursuant to 11 U.S.C. §547(b).

10. The Defendant is liable to SIAG for the benefit of the estate for the amount or value of the transfers alleged in Exhibit A pursuant to 11 U.S.C. §550(a).

11. In addition to judgment in the amount of the transfers on Exhibit A, the Defendant is liable for prejudgment interest on the amount pursuant to TCA §47-14-123 and applicable Federal law with interest commencing to run as of April 2, 2012.

Premises considered wherefore Plaintiff prays:

1. That the process issue and be served upon the Defendant by First Class Mail requiring it to answer within the time required by law.

2. That the Court avoid the transfers set forth on the attached Exhibit A, pursuant to 11 U.S.C. §547(b) and enter judgment against the Defendant pursuant to 11 U.S.C. §550(a) in the amount of $2,598,921.90 plus prejudgment interest as determined by the Court.

3. That judgment be entered against the Defendant for costs.

4. That the Court grant general relief.

        Respectfully submitted,

        SAMPLES, JENNINGS, RAY & CLEM, PLLC

        By: /s/ Thomas E. Ray
        Thomas E. Ray, TN BPR  001211
        Attorney for Debtor in Possession
        130 Jordan Drive
        Chattanooga, TN  37421
        (423) 892-2006/(423) 892-1919 fax
        tray@raylegal.com